FILED
 2011 Mar-01  AM 11:40
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **AMANDA LANG,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Number |
| | ) **2:10-cv-02651-AKK** |
| **BLOUNT COUNTY and** | ) |
| **CHARLIE TURNER,** | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Amanda Lang ("plaintiff") filed this action against Blount County, Alabama, and Charlie Turner, a Blount County Deputy Sheriff, (collectively "defendants") in state court, alleging deprivation of the "legal rights guaranteed to her by the Constitution and Laws of the United States" under 42 U.S.C. §§ 1983 and 1985.  Doc. 1-1 ¶¶ 4, 6.  Defendants removed the action to this court, doc. 1, and moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) and to obtain attorneys' fees and costs under 42 U.S.C. § 1988, docs. 2 and 4.  For the reasons set forth below, defendants' motions to dismiss are GRANTED and their requests for attorneys' fees and costs are DENIED.

## I.   FACTUAL BACKGROUND[1]

This action arises from Deputy Turner's issuance of a traffic ticket to plaintiff on December 17, 2009.  Doc. 1-1 ¶ 4.  While driving on Alabama Highway 75 in Susan Moore, Alabama, plaintiff passed an unmarked police vehicle driven by Turner.  *Id*. ¶ 4B.  Turner "became very aggressive in the way he operated his vehicle and followed very close behind the Plaintiff."  *Id*. ¶ 4C.  Further, Turner "began shining a very bright spot-light in the back window of the Plaintiff [*sic*] on several occasions."  *Id*. ¶ 4D.  Plaintiff "feared for life and safety" and changed lanes, but Turner continued to "harass and intimidate" her.  *Id*. ¶ 4E-F.

Plaintiff "saw a City [of Oneonta] Police car and pulled over."  Doc. 1-1 ¶ 4G.  Turner also pulled over and, dressed in camouflage, came to her window and began screaming.  *Id*. ¶ 4H.  He borrowed a ticket book from the City of Oneonta police officer and issued plaintiff a ticket for "following too close."  *Id*. ¶ 4J-K.  Turner refused to tell plaintiff his name.  *Id*. ¶ 4L.

---

[1]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009).

Plaintiff suffered severe emotional and mental distress "due to the fact that the actions of [Turner] were done on a dark and deserted road and [she] had no means of escape." Doc. 1-1 ¶ 7B. Plaintiff also suffered "continual loss of sleep and emotional distress." *Id*. ¶ 7C. On August 13, 2010, plaintiff filed this action against defendants.

## II.  APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### III.  ANALYSIS

Plaintiff's complaint generally alleges:  "The defendant's said actions violate 42 U.S.C. § 1983 and 42 U.S.C. § 1985." Doc. 1-1 ¶ 6.  Piecing together various paragraphs of the complaint, plaintiff appears to allege that defendants violated §§ 1983 and 1985 by depriving her of "legal rights guaranteed to her by the Constitution and Law of the United States," *id*. ¶ 4, and, specifically, that Blount County is subject to municipal liability under § 1983 because Turner acted "pursuant to an official policy of Blount County, or in a custom or practice

endorsed or approved by the said County," *id*. ¶ 5.  Plaintiff also claims attorneys' fees and expenses under 42 U.S.C. § 1988, seeks punitive damages "[b]ecause of the willful, gross and oppressive conduct of defendants," demands a judgment against defendants for $500,000, and requests "such injunctive, other, or different relief as may be just and proper."  *Id*. ¶¶ 8-9.  Notably, although plaintiff originally filed the action in state court, she fails to assert any state-law claims.  The court first addresses plaintiff's § 1985 claims.

### A.     42 U.S.C. § 1985

Plaintiff's complaint fails to allege violation of a specific subsection of § 1985.  However, her responses to defendants' motions to dismiss reference only § 1985(3), which creates a private right of action for damages against conspiracies that deprive "any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws."  Doc. 8 at 4-5; Doc. 10 at 4-5.  To state a claim under § 1985(3), a plaintiff must allege:

> (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States.

*Jiminez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citing

*Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379 (11th Cir. 1997)). Importantly, "[§] 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979).

Here, plaintiff fails to allege facts to support any of the necessary elements for a § 1985(3) claim. Her complaint fails to allege that defendants acted in concert, the first element; that defendants acted with class-based motivation, the second element; that defendants furthered a conspiracy, the third element; or that defendants deprived her a specific right or privilege of a citizen of the United States, the fourth element. Moreover, plaintiff has not alleged any facts in her responses to the motions to dismiss to suggest the existence of a conspiracy or that defendants acted with class-based motivation. Plaintiff thus fails to plead sufficient allegations or facts to support a § 1985 claim. For this reason, her § 1985 claims are due to be dismissed. *See Jimenez*, 596 F.3d at 1312; *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.").

**B.    *42 U.S.C. § 1983***

Section 1983 creates a cause of action against persons who violate the

Constitution and federal laws while acting under state government authority. Specifically, § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  Therefore, like § 1985, "[§] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 272 (1994) (plurality) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).  The first step in addressing any § 1983 claim is "to identify the specific constitutional right allegedly infringed."  *Id*.

    Here, plaintiff fails to identify the specific constitutional rights defendants allegedly infringed.  Contrary to her assertion that "[a] thorough reading of the Complaint would have informed to [*sic*] Defendant of the particular rights that were violated and the particular laws that were violated," doc. 8 at 5, her complaint fails to specify *any* constitutional rights or federal laws allegedly violated by defendants.  *See* Doc. 1-1 at 2.  Instead, after reciting the traffic stop in question, plaintiff alleged only that "said actions violate 42 U.S.C. 1983 and 42 U.S.C. 1985," doc. 1-1 ¶ 5, neither of which is a specific constitutional right.

Moreover, plaintiff compounds the problem in her responses to defendants' motions to dismiss by failing to identify any such rights or laws. For this reason alone, plaintiff's § 1983 claims are due to be dismissed. *See Doe v. School Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1265 (11th Cir. 2010) ("a § 1983 plaintiff must allege a specific federal right violated by the defendant"); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law.").

Alternatively, even assuming that plaintiff properly alleged § 1983 claims against defendants, such claims fail as a matter of law.

   *1.   Charlie Turner*

Plaintiff appears to sue Turner individually and in his official capacity as a deputy sheriff.[2] Doc. 1-1 (case style). First, to the extent plaintiff sues Turner in his official capacity, Turner is immune from monetary damages under the Eleventh Amendment. The law is well settled that "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties."

---

[2] In response to Turner's motion to dismiss, plaintiff asserts that "it is yet to be determined whether or not [Turner] was acting in any type of official capacity or unofficial capacity." Doc. 8 at 7.

*McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 793 (1997).  As a state representative, Turner is entitled to Eleventh Amendment immunity from plaintiff's § 1983 claims against him in his official capacity.[3]  *See* Article I, § 14, Alabama Constitution of 1901 ("the State of Alabama shall never be made a defendant in any court of law or equity"); *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997) ("a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity"); *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (noting that Alabama has not waived its Eleventh Amendment immunity and that Congress had not abrogated such immunity in § 1983 cases).

Second, to the extent plaintiff seeks to sue Turner individually, Turner is entitled to qualified immunity from § 1983 liability.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

---

[3]Notably, "[w]hile state defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh Amendment, they are not immune from claims seeking prospective declaratory or injunctive relief." *Smith v. Florida Dept. of Corrections*, 318 Fed. App'x 726, 728 (11th Cir. 2008).  However, plaintiff does not specify any prospective declaratory or injunctive relief sought against Turner and the court does not find any such relief proper.

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 129 S. Ct. at 815.

A defendant asserting that he is entitled to qualified immunity must first establish that he was engaged in a discretionary duty during the event in question, *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008), which is not disputed in this case because plaintiff asserts in her complaint that Turner "act[ed] in his capacity as a Blount County Police Officer" when he stopped her. Doc. 1-1 ¶ 4. The burden then shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. *Id*. In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court mandated a two-step sequence for addressing qualified-immunity claims: (1) the court first decides whether the facts alleged or shown by a plaintiff make out a violation of a constitutional right; and (2) the court then decides whether the right was "clearly established" at the time of the alleged violation. *Id*. at 201.

In response to Turner's assertion of qualified immunity, plaintiff summarily asserts that "[Turner's] conduct violated clearly established statutory and constitutional rights, which a reasonable person would have known." Doc. 8 at 6. However, plaintiff never identifies such statutory or constitutional rights; instead,

10

she requests that the court allow her to amend the complaint "to specify any deficiencies." Doc. 8 at 6-7. Amendment is futile here because the conduct in question – a law-enforcement officer driving an unmarked vehicle and following a motorist for miles in order to get the motorist to stop and issue her a ticket for violating traffic laws is hardly the kind of incident that violates any clearly established constitutional rights. *See United States v. Spoerke*, 568 F.3d 1236, 1248 (11th Cir. 2009) ("A traffic stop . . . is constitutional if it is either based upon probable cause to believe a traffic violation has occurred or justified by reasonable suspicion in accordance with *Terry [v. Ohio]*, 392 U.S. 1 [1968].") (quotation and citation omitted); *DeRosa v. Rambosk*, 732 F. Supp. 2d 1285, 1294 (M.D. Fla. 2010) (finding that an officer's "rude and unnecessarily aggressive" behavior during a traffic stop does not constitute a violation of constitutional rights). Moreover, that a motorist is afraid because the incident occurred at night on a deserted road does not transform the traffic stop into a constitutional violation – especially where, as here, the officer simply issued a ticket and did not arrest the motorist. In any event, if there is a constitutional or statutory violation, plaintiff failed to plead it or to outline it in her opposition briefs. Therefore, she cannot rebut Turner's qualified-immunity defense. *See Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (stating that a "motion [to dismiss based upon the doctrine

of qualified immunity] will be granted if the 'complaint fails to allege the violation of a clearly established constitutional right'") (quoting *Williams v. Alabama State Univ.*, 102 F.3d 1179, 1183 (11th Cir. 1997)).

    2.    *Blount County*

As to Blount County, the law is well established that a municipality is liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Here, plaintiff appears to allege that the county is liable under § 1983 because "Turner's conduct was done . . . pursuant to an official policy of Blount County, or in a custom or practice endorsed or approved by the said County." Doc. 1-1 ¶ 5. Although plaintiff fails to identify the purported policy in her complaint, in response to Blount County's motion to dismiss, she asserts that the county's alleged policy of not equipping its emergency vehicles in compliance with Alabama law injured her. Doc. 10 at 5. Specifically, plaintiff contends that Blount County had a policy of allowing deputy sheriffs to operate vehicles in violation of § 32-5A-115, Ala. Code 1975, which requires that emergency vehicles be equipped with a lighted lamp and a siren, exhaust whistle, or bell capable of giving audible signal. *Id*.

Blount County contends that dismissal is warranted because, under Alabama law, it has no responsibility for, or authority over, deputy sheriffs, and, therefore, is not liable based on a policy it allegedly created for them. Doc. 3 at 5-6. Indeed, under Alabama law, "a sheriff is not an employee of a county for the purposes of imposing liability on the county . . ." *Parker v. Amerson*, 519 So. 2d 442, 442 (Ala. 1987). Rather, as noted above, "Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama." *McMillian*, 520 U.S. at 793. Thus, in *McMillian*, the Supreme Court held that Alabama sheriffs, when engaging in law enforcement, constitute *state* policymakers rather than *county* policymakers. *Id*. at 785-86.[4] Accordingly, even if plaintiff could prove that she suffered injuries due to Turner's conduct, she cannot succeed against the *county* under § 1983. *See also Puckett v. Randolph Cnty.*, No. 3:09-cv-341-MHT, 2010 WL 919941, at *7 (M.D. Ala. Mar. 11, 2010) (finding that in view of *McMillian* plaintiff could not prevail on his § 1983 claim against an Alabama county, "even if he were able to prove that [the sheriff] had a 'policy' which led to the alleged constitutional

---

[4]The Supreme Court noted that, although Alabama law suggests that a county has some influence over its sheriff, including providing equipment and paying his salary, the State still controls the sheriff's law enforcement duties. *See McMillian*, 520 U.S. at 791-92 (holding that, at most, the county commission has only an "attenuated and indirect influence over the sheriff's operations").

violation"). Therefore, Blount Count's motion to dismiss is granted.[5]

## C.     *Amending Complaint*

In responding to defendants' motions to dismiss, plaintiff requests that the court allow her "to amend any pleadings heretofore filed in the State Court to fulfill any requirements by this Court, should it find so, of any allegation deficiency or party deficiency." Doc. 8 at 8. *See also* Doc. 10 at 7-8. Because plaintiff may no longer amend the complaint "as a matter of course," Fed. R. Civ. P. 15(a)(1), her motion is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

---

[5]Additionally, to the extent plaintiff alleges claims against fictitious parties, such claims are also due to be dismissed because "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

A court, however, may deny a plaintiff the opportunity to amend a defective pleading where such amendment would be futile. The Eleventh Circuit has instructed that "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

Here, there is no assertion by plaintiff that an opportunity to amend her complaint would allow her to allege additional factual or legal allegations to support her §§ 1983 and 1985 claims against defendants. In fact, she does not identify any constitutional rights or federal laws defendants allegedly violated or facts indicating the existence of such violations. Moreover, she never bothered to move for leave to amend the complaint to show the court how her proposed amended complaint would overcome the deficiencies cited by defendants. In the final analysis, amendment here is futile because plaintiff cannot overcome well-established Alabama law that sheriffs, when engaging in their law enforcement duties, are not county employees. Likewise, no amendment would allow plaintiff to sue Turner "in his official capacity" or to overcome his qualified immunity for claims in his individual capacity. Thus, even if the court were to grant leave to

amend, this action "would still be properly dismissed." *Cockrell*, 510 F.3d at 1310 (citing *Hall*, 367 F.3d at 1263). In other words, the request for leave to file an amended complaint is futile and is denied.

### D.     *Attorneys' Fees and Costs*

Lastly, defendants seek attorneys' fees and costs under 42 U.S.C. § 1988(b), which allows a court to award a party prevailing under § 1983 "a reasonable attorney's fees as part of the costs." The Supreme Court has advised that in civil rights cases the "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). A district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985) (citation omitted). The determination of frivolity requires a case-by-case analysis as "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980). *See also Sullivan*, 773 F.2d at 1189 ("Determinations regarding frivolity are to be

made on a case-by-case basis."). Indeed, in *Christiansburg* the Supreme Court noted that "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." 434 U.S. at 421. Here, although plaintiff's § 1983 claims are unsuccessful because of her failure to identify the constitutional or federal rights defendants allegedly violated, the contention that Turner's stop violated some law is not so lacking in merit as to be frivolous and unreasonable. Therefore, defendants are not entitled to attorneys' fees and costs.

## IV.  CONCLUSION

For the reasons stated above, defendants' motions to dismiss plaintiff's complaint are GRANTED and their requests for attorneys' fees and costs under 42 U.S.C. § 1988 are DENIED. Docs. 2 and 4. Additionally, plaintiff's request for leave to amend the complaint is denied as futile.

DONE this 1st day of March, 2011.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE